IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HO KA TERENCE YUNG, | : |
|       Plaintiff, | : |
| v. | : Civ. No. 20-032-LPS |
| MERRICK GARLAND, in his official Capacity as Attorney General of the United States of America,[1] et al., | : |
|       Defendants. | : |

Ho Ka Terence Yung, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 16, 2021
Wilmington, Delaware

---

[1] Plaintiff originally named Garland's predecessor, William Barr, as a defendant. Barr was named as a defendant only in his official capacity. Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Therefore, the current United States Attorney General, Merrick Garland, is substituted for his predecessor, William Barr, in his official capacity.

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ho Ka Terence Yung ("Plaintiff" or "Yung") was an inmate at FCI Schuykill in Minersville, Pennsylvania, when he commenced this action on January 10, 2020. (D.I. 3) He has since been released.[2] (D.I. 9) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8, 17) Plaintiff filed an Amended Complaint on April 17, 2020, which is the operative pleading. (D.I. 14) Plaintiff alleges violations of his constitutional rights. He has also filed motions for issuance of a subpoena duces tecum and for injunctive relief.[3] (D.I. 4, 11, 13, 15) In addition, Plaintiff provided the Court with a copy of a letter (docketed as a motion) seeking sanctions against an Assistant United States Attorney related to Plaintiff's criminal conviction. (D.I. 5) Because Plaintiff was incarcerated when he commenced this action, the Court reviews and screens the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The Court takes judicial notice that pursuant to a plea agreement, on October 23, 2018, Yung pled guilty to Count One of an indictment that charged him with cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b). *See United States of America v. Yung*, Crim. Act. No. 17-014-LPS (D. Del.) D.I. 64, 65, 66, 67. On February 27, 2019, Yung was sentenced to 46 months imprisonment, three years supervised release, restitution to be determined, and $100.00 special assessment. *Id.* at D.I. 79. On March 22, 2019, Yung filed a notice of appeal of the judgment of conviction and sentence to the United States Court of Appeals for the Third Circuit, No. 19-1640. *Id.* at D.I. 79. Next, the District Court entered two orders in the criminal case: an October 7, 2020

---

[2] Plaintiff's motions for subpoena duces tecum to obtain prison trust account statements from FCI Schuylkill will be denied as moot. (D.I. 11, 13)

[3] The amended motion for injunctive relief is a reiteration of the Amended Complaint that incorporates the elements required for issuance of injunctive relief.

restitution order and a November 19, 2020 restitution payment schedule order. *Id.* at D.I. 122, 127. An amended judgment was entered on November 20, 2020. *Id.* at D.I. 128. Yung filed a notice of appeal of the amended judgment on December 3, 2020, No. 20-3448. *Id.* D.I. 129. On December 15, 2020, Appeal Nos. 19-1640 and 20-3448 were consolidated for all purposes. *See United States of America v. Yung*, No. 19-1640 (3d Cir.) D.I. 58. The appeal remains pending.

Plaintiff describes this action as one brought under the First Amendment of the United States Constitution. (D.I. 14 at 2) The Amended Complaint names three Defendants: Merrick Garland ("Garland"), in his official capacity as Attorney General of the United States of America, the United States Department of Justice ("DOJ"), and the United States of America ("USA"). The Amended Complaint refers to Plaintiff's criminal case; the execution of a search warrant at his apartment; the seizure of electronic devices; two fake Twitter accounts attributed to Plaintiff that he created in the name of a faculty member at a school he attended (the "Professor"); interviews of the Professor about Twitter postings; the U.S. Probation and Pretrial Services report issued prior to Yung's sentencing that briefly describes certain Twitter postings; Yung's February 27, 2019 sentence; and Yung's "fear" he may be prosecuted under the federal cyberstalking law for alleged social media posts about the Professor because they were referred to in the Presentence Report and during Yung's sentencing hearing. (*Id.* at 2-5) Plaintiff alleges that, because of all this, "he has exercised considerable self-censorship." (*Id.* at 5)

The Amended Complaint contains one count. It alleges that 18 U.S.C. § 2261A(2)(B) violates the First Amendment as applied to the two Twitter accounts and to Plaintiff's future intended speech about the Professor. The Amended Complaint alleges that the Professor is a public figure, and that the postings in the two Twitter accounts are parodies and protected speech under the First Amendment. (*Id.* at 9-24)

Plaintiff seeks declaratory relief under 28 U.S.C. § 2201 on the grounds that 18 U.S.C. § 2261A(2)(B) violates the First Amendment as applied to the activities alleged in the two fake Twitter accounts attributed to Yung and to Yung's future intended speech about the Professor. (*Id.* at 25) In addition, he seeks a permanent injunction under Fed. R. Civ. P. 65 to prohibit Garland, his officers, agents, servants, employees, attorneys, and those working jointly and in concert with Garland, as well as the DOJ and the USA, from enforcing 18 U.S.C. § 2261A(2)(B) against the two Twitter accounts attributed to Plaintiff and Plaintiff's future intended speech about the Professor.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). Rather, a claim is frivolous only where it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional factual scenario." *Dooley*, 957 F.3d at 374 (internal quotation marks omitted).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint, unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

It seems that Plaintiff commenced this proceeding in an attempt to stave off future federal prosecutions under 18 U.S.C. § 2261A(2)(B). The Court turns to the threshold issues of standing and ripeness. Here, standing and ripeness "boil down to the same question" and, consistent with the practice of the United States Supreme Court, the Court uses the term "standing" in analyzing the issue. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149 n.5 (2014).

"The issue of standing is jurisdictional" and may need to be addressed as a threshold issue in any case before a United States Court. *St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Government of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000). "The party invoking federal jurisdiction bears the burden of establishing standing." *Susan B. Anthony List*, 573 U.S. at 158 (internal quotation marks omitted).

"To establish constitutional standing, 'a plaintiff must show (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). "Plaintiff has the burden of demonstrating that these requirements are met at the 'commencement of the litigation,' and must do so 'separately for each form of relief sought.'" *Id.* (quoting *Friends of the Earth*, 528 U.S. at 170, 184-85). If a litigant does not meet these requirements, the case must be

5

dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

Plaintiff seeks declaratory and injunctive relief. "A declaratory judgment or injunction can issue only when the constitutional standing requirements of a 'case' or 'controversy' are met." *St. Thomas-St. John Hotel*, 218 F.3d at 240. "In order to present a justiciable controversy in an action seeking a declaratory judgment to protect against a feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Salvation Army v. Dep't of Cmty. Affairs of N.J.*, 919 F.2d 183, 192 (3d Cir. 1990) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460 (1974)). Issuance of a declaratory judgment requires a threat of future harm. *Ke v. DiPasquale*, 2020 WL 5641214, at *3 (3d Cir. Sept. 22, 2020). Even when the challenge to the statute "is on First Amendment grounds, there must be a 'real and immediate' threat of enforcement against the plaintiff." *Id.* (quoting *Hardwick v. Bowers*, 760 F.2d 1202, 1206-07 (11th Cir. 1985), *reversed on other grounds sub nom.*, *Bowers v. Hardwick*, 478 U.S. 186 (1986)). Because a court may decide an issue only if it presents a live case or controversy, U.S. Const. art. III § 2; *Armstrong World Indus. v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992), the constitutional provision stands as a direct prohibition on the issuance of advisory opinions.

Like declaratory relief, issuance of an injunction also requires a threat of future harm. *See Ke*, 2020 WL 5641217, at *3 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-07 (1983)). A court may not enjoin the enforcement of a criminal statute, regardless of whether the statute is constitutional. *See Wooley v. Maynard*, 430 U.S. 705, 711-12 (1977); *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006). A limited exception to this general rule is where the threat of prosecution has a chilling effect on constitutional rights, an exception that is typically applied in the First Amendment context. *See Stolt-Nielsen*, 442 F.3d at 183; *Dombrowski v. Pfister*, 380 U.S. 479, 486-87 (1965).

> A criminal prosecution under a statute regulating expression usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms. . . . The assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights is unfounded in such cases. . . . [W]e have not thought that the improbability of successful prosecution makes the case different. The chilling effect upon the exercise of First Amendment rights may derive from the fact of the prosecution, unaffected by the prospects of its success or failure.

*Stolt-Nielsen*, 442 F.3d at 183 (quoting *Dombrowski*, 380 U.S. at 486-87).

In the injunctive relief context, the Third Circuit has held that "the assertion of First Amendment rights does not automatically require a finding of irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72-73 (3d Cir. 1989). Irreparable injury involves the "purposeful unconstitutional [government] suppression of speech" and "direct penalization, as opposed to incidental inhibition, of First Amendment rights." *Id.* at 73 (citations omitted).

Plaintiff must show that the threat of injury-in-fact is "actual and imminent, not conjectural or hypothetical." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 301 (3d Cir. 2012) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Plaintiff must show sufficient facts to support the conclusion that he is "likely to suffer future injury." *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012). "A threatened injury must be certainly impending and proceed with a high degree of immediacy." *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011); *see also Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (explaining that imminence requirement "ensures that courts do not entertain suits based on speculative or hypothetical harms").

Plaintiff's "as applied challenge" is subject to a "relaxed" ripeness standard. *Peachlum v. City of York*, 333 F.3d 429, 434 (3d Cir. 2003). Courts "allow[] somewhat liberally" such challenges, even prior to any government enforcement of a restriction on speech, due to concerns that (1) "a person will merely comply with an illegitimate statute rather than be subjected to prosecution" and (2) "the government may choose never to put the law to the test by initiating a prosecution, while the

7

presence of the statute on the books nonetheless chills constitutionally protected conduct." *Id.* In determining whether a case is ripe, a court generally examines "the adversity of the interest of the parties, the conclusiveness of the judicial judgment and the practical help, or utility, of that judgment." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990).

The allegations in the Amended Complaint rest upon Plaintiff's claims that 18 U.S.C. § 2261A(2)(B) violates the First Amendment as applied to two Twitter accounts attributed to him and to Plaintiff's future intended speech about the Professor. The Amended Complaint alleges that the Professor was interviewed by federal agents and she told them she became aware of the fake Twitter accounts in December 2015 and that the accounts were posting disturbing comments. The Amended Complaint alleges that "Yung thinks they are 'pretty funny' and [he] would intend to engage in the [] speech activity in the future, but he has exercised considerable self-censorship as a consequence of the chilling effect of the federal cyberstalking law." (D.I. 14 at 3) Plaintiff alleges that his speech is protected because the Professor is a public figure, the posts fall within the ambit of name-calling, are not racist, and are parodies. (*Id.* at 3, 12) Plaintiff alleges that he reasonably fears there is an imminent risk of another prosecution under the federal cyberstalking law because he was convicted of violations of § 2261A(2)(B) and, during sentencing, the Court referenced the activities relating to the school and the Professor, just as the presentence report had referenced these activities as "offense behavior not part of relevant conduct." (*Id.* at 5)

The Amended Complaint does not alleges a definite or continued threat of prosecution or contain an allegation that Plaintiff has been threatened with prosecution as a result of the fake Twitter accounts. Logic suggests that were it possible to criminally charge Plaintiff based upon the alleged Twitter activity he identifies, the time to do so was when he was prosecuted in his criminal case. Nor are there allegations that Plaintiff has been threatened with prosecution based upon unknown speech yet to be made at some unknown time. The Amended Complaint does not allege

8

that Plaintiff faces a threat of prosecution that is real and substantial. Nor are there allegations that the threat of enforcement is real and immediate. While Plaintiff alleges that he fears he may be prosecuted, the threat of prosecution under 18 U.S.C. § 2261A(2)(B) is grounded in mere speculation, which is insufficient to show standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff's requests for injunctive and declaratory relief only rest upon contingent future events that may not occur as anticipated or may not occur at all.

What Plaintiff appears to seek is declaratory and injunctive relief granting him immunity from criminal prosecution. His Amended Complaint, which attempts to state an exclusively prospective action, seeks to avoid a future prosecution; yet the allegations fall far short of plausibly alleging there is an imminent threat that Plaintiff will be unlawfully prosecuted in the future. Nor does Plaintiff present a current case or controversy for the Court to address. The Amended Complaint also provides no justification for declaratory relief. A declaration from the Court would be useful to Plaintiff only in the event of a future criminal prosecution, as Plaintiff has not plausibly alleged a dispute that is "sufficiently concrete." *Peachlum*, 333 F.3d at 433. The Amended Complaint does not present a current case or controversy; instead, ruling on the matters it raises would constitute an impermissible advisory opinion.

As alleged, Plaintiff does not have standing to proceed. Therefore, the Amended Complaint will be dismissed without prejudice for want of jurisdiction.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's pending motions (D.I. 4, 5,[4] 11, 13, 15); and (2) dismiss the Amended Complaint without prejudice, for want of jurisdiction.

An appropriate order will be entered.

---

[4] Plaintiff seeks the imposition of sanctions against an Assistant United States Attorney, who is not a named defendant, for his alleged acts during Plaintiff's criminal case. (D.I. 5) While docketed as a motion, the filing appears to be a courtesy copy of a letter Plaintiff sent to numerous individuals. Plaintiff submitted the letter for filing when he commenced this action. The letter/motion will be denied.